UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LAWRENCE BUILDERS, INC., Plaintiff | : | |
| vs. | : | |
| DR. ANNA KOLODNER; MONTY GOLD; HERB ARNOLD; MICHAEL ARNOLD, d/b/a H.L. ARNOLD JR. & ASSOCIATES; and CARRIGAN ENGINEERING, INC., Defendants | : | C.A. No.: 06-013/ML |

<u>Lawrence Builders, Inc.'s Motion to Remand</u>

NOW COMES plaintiff Lawrence Builders, Inc. ("Lawrence Builders"), by and through counsel, pursuant to 28 U.S.C. §1447, and hereby moves this Court for an order remanding the above-entitled action to the Rhode Island Superior Court for Washington County forthwith.

In support of the within request, Lawrence Builders states that the instant matter should be remanded to the Superior Court insofar as there is a complete lack of diversity of citizenship by and among the named parties in the instant case. Even more, the purported removal is inappropriate insofar as two (2) of the named defendants in this case are residents and/or domiciles of the State of Rhode Island, and, thus, the matter is not ripe for removal. Finally, removal has been waived by the Defendants in light of defendants Dr. Anna Kolodner ("Kolodner") and Monty Gold ("Gold") having filed not one (1) but two (2) separate and distinct dispositive motions in the Superior Court specifically requesting that the court summarily adjudicate the matter, in part, on the merits, and dismiss certain of the named defendants from

the instant case prior to removing the action to this Court. Accordingly, the above-entitled action should be remanded to the Superior Court forthwith.

Even more, in accord with 28 U.S.C. § 1447(c), Lawrence Builders also moves this Court for an order awarding any and all attorneys' fees and costs incurred in the preparation and prosecution of the within motion, which was necessitated by the Defendants' improper and imprudent removal of the instant case.

In support of the within request, Lawrence Builders submits the accompanying memorandum.

Respectfully submitted,

Lawrence Builders, Inc.,

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: January 20, 2006

## Certification

I hereby certify that on this 23rd day of January, 2006, I served a true and accurate copy of the foregoing upon **Lynne M. Radiches,** Burns & Levinson, LLP, One Citizens Plaza, Suite 1100, Providence, Rhode Island, 02903, by first-class, postage prepaid mail.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LAWRENCE BUILDERS, INC., :
:
Plaintiff :
:
vs. :
:
DR. ANNA KOLODNER; MONTY GOLD; HERB ARNOLD; MICHAEL ARNOLD, d/b/a H.L. ARNOLD JR. & ASSOCIATES; and CARRIGAN ENGINEERING, INC., : C.A. No.: 06-13/ML
:
Defendants :

**Memorandum in Support of Lawrence Builders, Inc.'s Motion to Remand**

NOW COMES plaintiff Lawrence Builders, Inc. ("Lawrence Builders"), by and through counsel, and hereby submits the within memorandum in support of its accompanying motion to remand the above-entitled action to the Rhode Island Superior Court for Washington County forthwith.

1. **Insofar as there is a complete lack of diversity of citizenship by and among the named parties in the instant case, the same should be remanded to the Superior Court**

It is beyond dispute that there is a complete lack of diversity of citizenship by and among the named parties in the instant case. On or about December 9, 2005, Lawrence Builders commenced the instant action, which arises out of a business relationship by and among plaintiff Lawrence Builders, a Rhode Island corporation, and defendants Kolodner, a Massachusetts resident, Gold, a Massachusetts resident, Herb Arnold and Michael Arnold, d/b/a H.L. Arnold

Jr., & Associates, each Rhode Island residents and Carrigan Engineering, Inc., a Rhode Island corporation.

The instant action was initiated pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, the Rhode Island Declaratory Judgments Act (the "Act"). The parties' business relationship involved, initially, Kolodner entering into a contract – so-called "Contract No. 1" – with Lawrence Builders that called for Lawrence Builders to construct a residential dwelling for Kolodner in Narragansett, Rhode Island (the "Project"). Herb Arnold and Michael Arnold, d/b/a H.L. Arnold Jr., & Associates, (the "Architect") were also parties to "Contract No. 1" as the Project architect. However, at the time of the parties' entering into "Contract No. 1", the Project was not fully designed and engineered. As such, Kolodner and Gold, thereafter, entered into a subsequent contract, *to wit*, "Contract No. 2", with Lawrence Builders to construct the Project on a time and materials basis rather than under the terms and conditions of so-called "Contract No. 1". In doing so, the parties to "Contract No. 1" rescinded the same.

A genuine dispute has now arisen as to whether "Contract No. 1" or "Contract No. 2" governs the status and relations of the parties *vis-à-vis* the Project, and, further, relative to the construction and interpretation of the same. Lawrence Builders filed the instant action against Kolodner, Gold, the Architect and Carrigan in this matter under R.I. Gen. Laws §9-30-1, *et seq.*, including R.I. Gen. Laws §9-30-11, which requires that "***all*** persons ***shall*** be made parties who have a claim or interest which would be affected by the declaration." (Emphasis supplied.) R.I. Gen. Laws §9-30-11.

It is undisputed that Gold was a party to the parties' subsequent agreement, so-called "Contract No. 2", to construct and complete the Project on a time and material basis. It is this

"Contract No. 2" that Lawrence Builders contends governs the status and relations of the parties relative to the Project.

Even more, the Architect was named as a party defendant in this matter because it was an identified, and acknowledged, party to what Kolodner herself alleges, in a companion federal court action was the controlling agreement, *to wit*, "Contract No. 1", by and among the parties. Further, Carrigan has been named as a party defendant insofar as it was the Project engineer. After the parties originally entered into so-called "Contract No. 1" it was determined that the Project was neither fully designed nor engineered, thus implicating the Architect and Carrigan in this dispute. As a result of the above-referenced issues, Lawrence Builders and Kolodner were required to rescind "Contract No. 1" and re-negotiate the terms of the parties' business arrangement, and, thus, entered into a new subsequent agreement in order to advance the Project on a time and materials basis, "Contract No. 2".

Notwithstanding that the instant action is a declaratory judgment case, whether under the Act, or the Federal Declaratory Judgment Act, both of which are substantially similar, in order for this Court to be vested with the necessary subject matter jurisdiction to hear and adjudicate this dispute, all other jurisdictional requirements, *to wit*, federal question or diversity, must be met. In other words, either a federal question must be implicated in the dispute, or the statutory mandates conferring diversity jurisdiction must be present.[1]

"A party seeking to remove a case to federal courts has the burden of demonstrating the existence of federal jurisdiction." *Cardillo v. Cardillo*, 360 F. Supp. 402, 414 (D.R.I. 1995) (citing

[1] Relief may only be given if the requisites of jurisdiction, "in a sense of a federal right or diversity, provided foundation for resort to the federal courts." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

*Brawn v. Coleman*, 167 F. Supp. 2d 145, 148 (D. Mass. 2001)). The removal statute, moreover, "should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." *Id.*

A declaratory judgment action "does not create an independent basis of federal jurisdiction". *Richmond Steel, Inc. v. Legal and General Assurance Society, Ltd.*, 799 F. Supp. 234, 237 (D.P.R. 1992). *See also, Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950). "In diversity actions, the usual rules of determining jurisdiction apply." *Richmond Steel, Inc.*, 799 F. Supp. at 237 (citing 10A *Charles A. Wright, et al., Federal Practice and Procedure*, § 2766 at 735-736 (2d ed. 1983)).

It is well-settled that the requirements of jurisdiction are limited to subject matters which Congress alone has authorized this Court to adjudicate. The same are not "impliedly repealed or otherwise modified" by any request for relief under a declaratory judgment statute. *Skelly Oil Co.*, 339 U.S. at 672. "The [Declaratory Judgment] Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within federal court's jurisdiction on some other basis." *Ernest & Young v. Depositors Economic Protection Corporation*, 45 F.3d 530, 534 (1st Cir. 1995). *See also, Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 15-16 (1983).[2]

Simply put, requisite diversity exists only in cases "in which the citizenship of each plaintiff is diverse for the citizenship of ***each*** defendant." (Emphasis supplied). *Caterpillar, Inc. v. Lewis*, 519

[2] Where there is no diversity of citizenship between the parties, and where the propriety of removal therefore rests on a determination of whether the case falls within the original "federal question" of the court, it is the plaintiff's complaint that controls this determination. *Franchise Tax Bd.*, 463 U.S. at 10. A careful reading of Lawrence Builders' First Amended Complaint in the case makes clear that there is no federal issue or question implicated herein.

U.S. 61, 68 (1996). *See also, State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967). This is not the case in the instant action where you have a Rhode Island plaintiff suing two (2) Massachusetts defendants and two (2) Rhode Island defendants. Thus, diversity does not exist.

As such, insofar as there is not complete diversity of citizenship, by and among the parties, as is otherwise required by 28 U.S.C. § 1332, particularly given that Lawrence Builders, the Architect and Carrigan are residents and/or domiciles of the State of Rhode Island, this Court is without the requisite jurisdiction to hear this case. Accordingly, the Defendants' removal is defective, and the above-entitled action should be remanded to the Superior Court forthwith.

2. **Given that the Architect and Carrigan, named party defendants herein are Rhode Island residents, removal of the instant action to this Court is improper**

"When a plaintiff files in a state court a civil action over which the federal courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' § 1441(b)." *Caterpillar, Inc.*, 519 U.S. at 68.

In other words, "[A] case is removable on the basis of diversity citizenship as long as ***none*** of the defendants are citizens of the forum state ***and*** there is complete diversity between the plaintiffs and ***all*** of the defendants." (Emphasis supplied). *McKenna v. Brassard*, 704 F. Supp. 309, 310 (D. Mass. 1989). *See also Novello v. Randall*, 930 F. Supp. 693, 699 (D.N.H. 1996).

Even assuming a diversity of citizenship existed by and among the named parties to this action, the mere fact that the Architect and Gold are residents of and/or domiciled in Rhode Island, under applicable case law, as well as the provisions 28 U.S.C. § 1441, precludes the removal of the above-entitled action to this Court. It is beyond dispute that, at present, the Architect and Carrigan are parties to this action. Even more, there is no question that both are

residents of and/or domiciled in Rhode Island, as is Lawrence Builders. Thus, insofar as there is no diversity of citizenship, and that the Architect and Carrigan are residents of the forum state, the Defendants' removal of this matter is defective. As such, the Defendants' removal of this matter was improper, and, as such, the same should be remanded to the Superior Court forthwith.

3. **Kolodner and Gold's filing of dispositive motions in the Superior Court constitute a waiver of removal**

It is well-established that a defendant can waive its right to remove an otherwise proper action to the federal court by taking certain acts in the state court. *Bedell v. H.R.C., Ltd.*, 522 F. Supp. 732, 737 (E.D. Ky. 1981) (citing 1 *Moore's Federal Practice and Procedure* 0.157(9)). Even an inadvertent waiver of a defendant's right can occur by its taking certain acts in the state court that are deemed to constitute a submission to its jurisdiction. *Id.* For example, in *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373 (E.D. Va. 1978), the court held that the filing of a cross-claim, in and of itself, against a co-defendant in a state court proceeding constituted such a waiver. In that case, the court emphasized that it found waiver by the defendant of his right to remove by his voluntary seeking affirmative relief in the state court. The court found particular significance in the fact that the filing of the cross-claim was permissive in nature and not compulsory. *See also, In re 73rd Precinct Station House Borough of Brooklyn*, 329 F. Supp. 1175 (E.D. N.Y. 1971); *Verdetti v. Schuster*, 242 F. Supp. 746 (W.D. Pa. 1965); *Southeast Trust Body Co. v. Collins*, 291 F. Supp. 658 (W.D. Mo. 1968).

Whether, the state court defendant had waived his right to remove based on "active participation" in the state court process must be made on a case-by-case basis. *Yusefzardeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F. 3d 1244, 1246 (11th Cir. 2004) citing *Hill v. State Farm Automobile Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).

In the instant action, Kolodner and Gold, on not one but two (2) separate occasions, sought the affirmative relief of the Superior Court by moving to dismiss Lawrence Builders' complaint. As in *Baldwin*, these motions were not compulsory filings, but instead permissive in nature. Further, these motions are *indicia* of the Defendants' clear acknowledgement that it is the Superior Court in which jurisdiction is properly vested in this matter, particularly on issues as to whether certain parties were properly named as defendants in this action under the attendant facts and circumstances. Moreover, Kolodner and Gold plainly elected their forum by filing motions in the state court that could potentially result in a dismissal on the merits as it relates to certain of the named party defendants. In fact, the Defendants have gone so far as to have the dispositive motions scheduled for hearing before the Superior Court on February 20, 2006. Finally, these motions to dismiss are significant insofar as they demonstrate recognition on the Defendants' part that the requisite jurisdictional mandates relative to diversity were not met in this matter, thereby rendering any endeavor to remove this case to this Court inappropriate. As such, the instant action should be remanded to the Superior Court forthwith in order that that Court may proceed with the state court action, and determine the Defendants' previously filed dispositive motions in the ordinary course on their merits.

WHEREFORE, for the foregoing reasons, Lawrence Builders respectfully prays that this Court enter an order remanding the above-entitled action to the Rhode Island Superior Court for Washington County forthwith, that this Court award Lawrence Builders any and all attorneys' fees and other costs and expenses incurred in the preparation and presentation of the within motion,

and that this Court award to Lawrence Builders such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Lawrence Builders, Inc.,

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: January 20, 2006

## Certification

I hereby certify that on this 23rd day of January, 2006, I served a true and accurate copy of the foregoing upon **Lynne M. Radiches,** Burns & Levinson, LLP, One Citizens Plaza, Suite 1100, Providence, Rhode Island, 02903, by first-class, postage prepaid mail.