**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

LAWRENCE BUILDERS, INC.

*Plaintiff*

*v.*

DR. ANNA KOLODNER; MONTY GOLD; HERB ARNOLD, MICHAEL ARNOLD, d/b/a H.L. ARNOLD JR. & ASSOCIATES; and CARRIGAN ENGINEERING, INC.

*Defendants*

CIVIL ACTION NO.: 06-013/ML

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Anna Kolodner and Monty Gold, by their undersigned attorneys, hereby object to Lawrence Builder's, Inc.'s Motion to Remand for the reasons set forth in the accompanying Memorandum of Law (including exhibits).

Respectfully submitted,
ANNA KOLODNER and
MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: January 27, 2006

**CERTIFICATION**

I hereby certify that on this 27th day of January, 2006, I caused a true copy of the within to be sent by facsimile and regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Michael L. Cozzolino, Esq.
16 High Street
Westerly, RI 02891

Margaret L. Hogan, Esq.
Hogan & Hogan
212 Main Street, Suite 4
Wakefield, RI 02879

Sherry A. Spencer
Sherry A. Spencer

00987344.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LAWRENCE BUILDERS, INC.<br><br>*Plaintiff*<br><br>*v.*<br><br>DR. ANNA KOLODNER; MONTY GOLD; HERB ARNOLD, MICHAEL ARNOLD, d/b/a H.L. ARNOLD JR. & ASSOCIATES; and CARRIGAN ENGINEERING, INC.<br><br>*Defendants* | CIVIL ACTION NO.: 06-013/ML |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

**PROLOGUE**

On December 9, 2005, Anna Kolodner ("Ms. Kolodner"), a Massachusetts resident, filed an action against Lawrence Builders, Inc. ("Lawrence Builders") and Steven T. Lawrence ("Mr. Lawrence") in Federal Court (Kolodner v. Lawrence Builders, Inc., et al., C.A. No. 05-515ML – the "Federal Court action"), the subject of which is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). Ms. Kolodner has alleged Breach of Contract, Negligence, and Misrepresentation, all arising from consistently shoddy work containing numerous errors and omissions, which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

Ms. Kolodner filed the Federal Court action after exhausting all reasonable efforts to negotiate with Lawrence Builders and Mr. Lawrence so as to avoid litigation. Lawrence

Builders was aware that Ms. Kolodner would be filing on December 9, 2005, and had even been sent a courtesy copy of the Complaint the day before as part of a last ditch attempt by Ms. Kolodner to work something out without filing suit.

## BACKGROUND

With full knowledge that Ms. Kolodner would be filing in Federal Court on December 9, 2005, Lawrence Builders (or "Plaintiff") filed an action involving identical issues of law and fact against Ms. Kolodner and others in Washington County Superior Court (the "State Court action") on the same day, but only after fraudulently joining two Rhode Island defendants (who were not parties to the Contract and from whom no relief is sought) in an effort to defeat diversity jurisdiction.

Lawrence Builders sued not only Ms. Kolodner in State Court, but also her husband, Massachusetts resident Monty Gold ("Mr. Gold", who is not a party to the Contract), Herb Arnold and Michael Arnold, d/b/a H.L. Arnold Jr. & Associates (the architect on the Project, hereinafter referred to as the "architect" or "Arnold Design Group", who is not a party to the Contract), and Carrigan Engineering, Inc. (the engineer on the Project, hereinafter referred to as the "engineer" or "Carrigan Engineering", who is not a party to the Contract). During a telephone call to Herb Arnold ("Mr. Arnold") on or about December 9th or 10th, 2005, an attorney for Lawrence Builders told Mr. Arnold that Mr. Arnold and the engineer had been named in the State Court action to keep the case out of Federal Court. See Exhibit 1 – *Affidavit of Herb Arnold*, ¶¶ 5-7.

Ms. Kolodner and Mr. Gold (referred to collectively herein as "Defendants") filed a motion to dismiss the State Court action or, in the alternative, to stay the State Court proceedings pending the resolution of Ms. Kolodner's Federal Court action against Lawrence Builders and

Steven T. Lawrence. Defendants filed a second similar motion in response to Lawrence Builders having filed a First Amended Complaint in the State Court action.

On January 13, 2006, Defendants removed the State Court action to Federal Court, with the intent of eventually having the matter consolidated with the Federal Court action filed by Ms. Kolodner on December 9, 2006. Defendants' Notice of Removal clearly alleges fraudulent joinder on the part of Lawrence Builders with respect to its naming of the architect and the engineer in the State Court action for purposes of trying to defeat diversity jurisdiction. See Exhibit 2, ¶¶ 8-15 – *Notice of Removal, without exhibits*.

Lawrence Builders has moved to remand the case to State Court. This Memorandum is offered in support of Defendants' Objection to the Motion to Remand.

**ARGUMENT**

**I. H.L. Arnold, Jr. & Associates And Carrigan Engineering, Inc. Were Fraudulently Joined To Defeat Removal.**

"A party fraudulently joined to defeat removal...is disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). "Fraudulent joinder is a judicially-created doctrine which applies in two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Gabrielle v. Allegro Resorts Hotels, et al., 210 F.Supp. 2d 62, 66 (D.R.I. 2002) (citations omitted). "To meet its burden, a defendant need not prove that plaintiffs intended to mislead or deceive." Id. at 67 (citation omitted). The primary concern is whether plaintiff's claim was objectively brought in good faith. Id. (citations omitted).

Plaintiff named the architect and the engineer as defendants in both its Complaint and its First Amended Complaint (even though neither was a party to the Contract and Plaintiff seeks no

relief from either of them) for the purpose of trying to keep the matter out of Federal Court, as was made clear to Mr. Arnold in December 2005 during the telephone call from Plaintiff's counsel. See Exhibit 1, ¶¶ 5-7.

The Contract which is the subject of both the Federal and State Court actions was made between Anna Kolodner and Lawrence Builders, Inc. on July 18, 2004. See Exhibit 3 - *Contract*. There was no rescission of "Contract 1". There was no "Contract 2" (as alleged by Plaintiff to have been made between Anna Kolodner & Monty Gold and Lawrence Builders).

Plaintiff's description of H.L. Arnold. Jr. & Associates as a party to the Contract is a mischaracterization. Arnold Design Group is merely identified in the Contract as the architect for the Project, but is not a signatory to the Contract. The architectural services performed for the Project by Arnold Design Group were substantially completed on or before April 23, 2003, well over a year before Ms. Kolodner and Lawrence Builders entered into the Contract. See Exhibit 1, ¶ 4.

Carrigan Engineering is neither named in the Contract, nor a signatory thereto. The engineering services performed for the Project by Carrigan Engineering were completed on or before December 15, 2003, more than six months before Ms. Kolodner and Lawrence Builders entered into the Contract. See Exhibit 4, ¶¶ 3 and 4 – *Affidavit of Craig Carrigan.*

"[The] right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant 'having no real connection with the controversy'". Id. (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (describing the joinder of a defendant as a sham or device to prevent the exercise of the right of removal where plaintiff, according to the undisputed removal petition, knew that the person was not in any degree responsible for his injuries). "A joinder is a sham and fraudulent if it is 'without any reasonable

basis in fact and without any purpose to prosecute the cause in good faith against the [defendant]'". Id. (citations omitted). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Id.

In its Complaint and in its First Amended Complaint, Plaintiff states that the architect and the engineer were named solely pursuant to R.I. Gen. Laws § 9-30-01 ("The Uniform Declaratory Judgments Act"). The Uniform Declaratory Judgments Act is remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. R.I.G.L. § 9-30-12. "Section 9-30-1 vests the Superior Court with power to grant declaratory relief, but the exercise of that power is discretionary." Berberian v. Travisano, 332 A.2d 121, 122 (R.I. 1975). "The Declaratory Judgments Act is a vehicle by which parties can obtain relief for actual or imminent harm." McKenna v. Williams, 874 A.2d 217, 227 (R.I. 2005).

Plaintiffs have no dispute with the architect and engineer who worked on the Project, which is why no relief is sought against them in the Complaint or in the First Amended Complaint. There is no harm - actual or imminent. The joinder of these non-diverse parties has no reasonable basis in law or in fact. Plaintiff's invocation of the Declaratory Judgments Act was solely to try to break diversity between Plaintiffs and Defendants in the State Court action.

Lest there remain any doubt as to why the architect and the engineer were named as defendants in the State Court action, one need only read again the Affidavit of Herb Arnold, to whom Mr. Russo made clear that the intent behind adding him and Carrigan to the case was to keep the matter out of Federal Court. See Exhibit 1, ¶¶ 5-7.

In establishing the procedure for challenging a joinder as fraudulent, the United States Supreme Court included in its recitation the obligation of a plaintiff seeking a remand following

the filing of the petition for removal: "...if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98 (1921). "The Court may also examine affidavits of the parties in determining the propriety of joinder." Id. (*See* Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 181 (1970) (holding that the uncontested facts in the petition itself demonstrated that, factually speaking, the defendant was joined without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal)).

The Notice of Removal clearly communicates Defendants' position that Lawrence Builders engaged in fraudulent joinder of non-diverse defendants having no real connection with the controversy in this matter. See Exhibit 2. That Plaintiff fails to address in its Memorandum in support of its Motion to Remand the fraudulent joinder argument within the Notice of Removal is telling. Plaintiff makes no mention of Defendants' challenge based on fraudulent joinder, but instead resorts to repeatedly pounding its fist on the table insisting that diversity cannot exist because two Rhode Island defendants were named in the case.

Any civil action other than one over which the district courts have original jurisdiction shall be removable only if none of the parties in interest ***properly joined*** and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b). (Emphasis added.) Pursuant to Wilson, Plaintiff's failure to take issue with the fraudulent joinder argument articulated in the Notice of Removal is to be taken as an assent to its truth.

Plaintiff cites a case involving removal based on the existence of federal jurisdiction to suggest that doubts about the propriety of removal should be resolved against removal. Removal in the instant action is based upon diversity jurisdiction, and proper because of

Plaintiff's fraudulent joinder of parties without any reasonable basis in fact. Defendants do not aver the existence of a federal question in this case.

Ms. Kolodner is well aware of the requirements for diversity jurisdiction, which is why she filed her Federal Court case on December 9, 2005. Plaintiff is no doubt aware of the requirements for diversity jurisdiction as well, which is why it added Rhode Island defendants (albeit ones who are not parties to the Contract and against whom no relief is sought) to the State action it filed on December 9, 2005 in order to (for whatever reason) keep this matter out of Federal Court where Defendants are rightfully entitled to be heard.

## II. Anna Kolodner And Monty Gold Have Not Waived Any Right To Removal.

Any suggestion by Plaintiff that Defendants have waived their right to removal by the filing of motions to dismiss the Complaint and First Amended Complaint in the State Court action are preposterous.

Prior to removal of the State Court action, there were cases arising out of identical issues of law and fact pending in both the Federal and State Courts. Had Ms. Kolodner desired to bring her case in State Court, she would have filed there. After careful consideration, she chose Federal Court as her forum, as was her right. Lawrence Builders, fully aware that Ms. Kolodner would be filing in Federal Court on December 9, 2005, filed an action in State Court on the same day, admittedly to try and defeat diversity jurisdiction. See Exhibit 1, ¶¶ 5-7.

Given that the parties have one case too many between them, Ms. Kolodner's first choice was of course for the State action to be dismissed. A Motion to Dismiss was filed on January 3, 2006. Plaintiff served a First Amended Complaint on the same day. A Motion to Dismiss the First Amended Complaint was filed on January 13, 2006, and the matter was assigned a hearing date of February 20, 2006.

As an alternative to dismissal of the State Court action, and as is their right, Defendants chose to exercise their option of removal to Federal Court. The Notice of Removal was filed on January 13, 2006. See Exhibit 2. To the extent this Court is satisfied that Lawrence Builders fraudulently joined the architect and the engineer in the State Court action for purposes of defeating diversity, there will then be two actions in Federal Court, which Ms. Kolodner will of course, in the interest of judicial economy, seek to consolidate.

Defendants have taken no action in the State Court case which could be construed as a selection of Washington County Superior Court as their desired forum. They have filed no Counterclaim in State Court, and have in fact removed the case to Federal Court. When served with Notices of Deposition for Anna Kolodner and Monty Gold on January 7, 2006, counsel for those parties sent a letter to the attorney for Lawrence Builders explaining why it made no sense to participate in discovery in the State Court action at this juncture. See Exhibit 5 – *Letter to Mr. Russo*.

Defendants have not waived any rights to removal, and have adhered to the Rules of Civil Procedure in both the State and Federal Court actions while seeking to achieve Ms. Kolodner's original intent to bring an action against Lawrence Builders and Steven T. Lawrence in Federal Court, as is her right.

**CONCLUSION**

The Motion to Remand should be denied. Defendants respectfully request that this Court award them all reasonable expenses incurred by them as a result of Plaintiff's filing its Motion to Remand, including attorneys' fees and costs, and such other relief as this Court deems just.

Respectfully submitted,
ANNA KOLODNER and
MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches, Esq. (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Dated: January 27, 2006

**CERTIFICATION**

I hereby certify that on this 27th day of January, 2006, I caused a true copy of the within to be sent by facsimile* and by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Michael L. Cozzolino, Esq.
16 High Street
Westerly, RI 02891

Margaret L. Hogan, Esq.
Hogan & Hogan
212 Main Street, Suite 4
Wakefield, RI 02879

* without exhibits

Sherry A. Spencer

Sherry A. Spencer

00987368.DOC