**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LAWRENCE BUILDERS, INC.,** **Plaintiff** vs. **DR. ANNA KOLODNER; MONTY GOLD; HERB ARNOLD; MICHAEL ARNOLD, d/b/a H.L. ARNOLD JR. & ASSOCIATES; and CARRIGAN ENGINEERING, INC.,** **Defendants** | : | **C.A. No.: 06-013/ML** |

**Lawrence Builders, Inc.'s Supplemental Memorandum in Support of Motion to Remand**

NOW COMES plaintiff Lawrence Builders, Inc. ("Lawrence Builders"), by and through counsel, and hereby supplements its previously filed memorandum in support of its pending motion to remand the above-entitled action to the Rhode Island Superior Court for Washington County[1].

As is clear from the papers submitted and evidence presented to the Court in this matter, the instant case is not simply a situation where Lawrence Builders furnished labor and materials in furtherance of the subject property under a certain agreement, and, thereafter, upon completing said project submitted a change order request to Kolodner and/or Gold requesting to be paid in an amount in addition to that prescribed said agreement for so-called "extras" or additional work in connection with the same. To the contrary, in the present case, it is beyond dispute that Lawrence Builders invoiced and/or billed Kolodner and/or Gold, from time-to-time during the

---

[1] After a brief evidentiary hearing on February 1, 2006, the Court took Lawrence's motion to remand under advisement.

project, on a "time and materials basis" for labor performed and materials furnished, which said invoices and/or bills Kolodner and/or Gold remitted payment(s) to Lawrence Builders on that basis during the pendency of the project.

Notwithstanding, Kolodner and/or Gold now contend, despite their established course of conduct and dealing with Lawrence Builders during the project, that they are entitled to "recoup" and/or a refund of certain of the monies paid to Lawrence because they assert the parties' agreement was a single sum or lump sum contract rather than a "time and materials" agreement. Thus, the parties' competing claims, *to wit*, which agreement controls – a so-called single sum or lump sum contract ("Contract No. 1") or a "time and materials" agreement ("Contract No. 2") – in this matter.

Central to the issue of which agreement governs the status and relations of the parties *vis-à-vis* the subject project is whether the same was fully designed and engineered at the time the parties' purportedly entered into so-called Contract No. 1. To the extent that the project was not fully designed and engineered, as contended by Lawrence Builders, the same occasioned a recession of Contract No. 1 and the parties' subsequently entering into a "time and materials agreement", Contract No. 2. As such, by virtue of the attendant facts and circumstances, the provisions of so-called Contract No. 1, and their respective roles in the subject residential construction project, the project's architect(s) Herb Arnold and Michael Arnold, d/b/a H.L. Arnold, Jr. & Associate (collectively, "Arnold Design Group") and engineer Carrigan Engineering, Inc. ("Carrigan"), respectively, are properly named parties to the this action as contemplated by R.I. Gen. Laws § 9-30-1, *et seq.,* the Rhode Island Declaratory Judgment Act.

It is well-established that "fraudulent joinder is a judicially-created doctrine which applies in two situations: (1) there has been **outright fraud** in the plaintiff's recitation of

jurisdictional facts, or (2) there is **no possibility** that the plaintiff could be able to establish a cause of action against the non-diverse defendants in state court." (Emphasis supplied.) *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 66 (D. R.I. 2002) (citing *Tillman v. Cont'l Plaza Hotel & Resorts*, 2000 WL 33250072, at *1 (S.D. Tex. 2000) (citations and internal quotations omitted)). The Defendants have failed to carry their burden and demonstrate that either of these two (2) situations are applicable in the instant matter.

The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact. Although the First Circuit has not articulated a standard for evaluating a claim of fraudulent joinder, it has stated in dicta that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F. 2d 875, 877 (1st Cir. 1983).

Further, the Second Circuit articulated the following useful disjunctive test:

> In order to show that naming a non-diverse defendant is "fraudulent joinder" effected to defeat diversity, the defendant **must demonstrate, by clear and convincing evidence**, either that there has been **outright fraud committed** in the plaintiff's pleadings, *or* that there is **no possibility**, based on the pleadings, that the plaintiff **can state a cause of action** against the non-diverse defendant in state court. (Emphasis supplied.)

*Whitaker v. Am. Telecasting, Inc.*, 261 F. 3d 196, 207 (2nd Cir. 2001).

In other words, in order to sustain its burden in establishing "fraudulent joinder" of a non-diverse party, the defendant **must** establish that the plaintiff's claim(s) against that party were not brought or asserted in **good faith**. *Mills v. Allegiance Healthcare Corporation*, 178 F. Supp. 1, 5 (D. Mass. 2001) (citing *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626, 628 (D.

Mass. 1991))[2]. *See also*, *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F. 3d 1, 6 (1st Cir. 1995). For "fraudulent joinder" the defendant **must show** to a **legal certainty** not only that the actual facts did not entitle the plaintiff to relief against the non-diverse defendant that has been joined, **but also** that the plaintiff should have known those actual facts at the time of filing. *In re Maine Asbestos Cases*, 44 F. Supp. 2d 368, 371-373 (D. Me. 1999)[3].

It is beyond dispute that Arnold Design Group is identified in Contract No. 1 as the project architect. Contract No. 1 is an AIA A-102 agreement. Under that agreement, per the General Conditions of the same, Arnold Design Group is charged with the administration of the parties' purported contract. Article 4 of the General Conditions (AIA A-102) provides that Arnold Design Group is to act as Kolodner and/or Gold's representative for the project (1) during construction, (2) until final payment is due, and, (3) with Kolodner and/or Gold's concurrence, from time to time during the one-year period thereafter for any corrective work that may be necessary or required.

Among other things, Arnold Design Group was required to visit the project site on behalf of Kolodner and/or Gold to become familiar with and stay apprised as to the project status and keep Kolodner and/or Gold informed with respect to the same, inspect the quality of Lawrence Builders' work, endeavor to guard Kolodner and/or Gold against defects and deficiencies in the work, and the determine, generally, if Lawrence Builders' work was in conformity with the

---

[2] The primary concern is whether the plaintiff's claim was brought in good faith. *Coventry Sewage Assocs.*, 71 F. 3d at 6.

[3] The burden is on the party challenging the jurisdiction-related allegations of the complaint to prove that they have **no reasonable basis** and to prove the pleader's **objective bad faith** in making those allegations. The party challenging the joinder must prove to a **legal certainty** that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven. *See In re Maine Asbestos Cases*, 44 F. Supp. at 372.

project contract documents, including the Arnold Design Group prepared drawings and/or plans. In essence, Arnold Design Group was Kolodner and/or Gold's conduit relative to the project. As such, Arnold Design Group's role and participation was integral to the project. Even more, Arnold Design Group was a party to Contract No. 1.

"So long as the plaintiffs have an objectively valid basis" for joining a non-diverse defendant in a complaint, "their subjective motivations are largely irrelevant." *Mills*, 178 F. Supp. at 6 (citing *In re Maine Asbestos Cases*, 44 F. Supp. at 374 n. 2). *See also*, *Chicago, Rock Island & Pac. Ry. Co. v. Dowell*, 229 U.S. 102, 113-114 (1913).

Accordingly, Arnold Design Group and Carrigan, and each of them, objectively, are properly named defendants in the present case. The Defendants have wholly failed to demonstrate, by clear and convincing evidence, that Lawrence Builders lacked a good faith basis for joining Arnold Design Group and Carrigan in the instant action. In fact, even after hearing the Defendants were completely unable to make the requisite showing to establish the "bad faith" standard necessary to successfully prove an alleged "fraudulent joinder". Simply because one of the effects or by-products of joining Arnold Design Group and Carrigan in this lawsuit was to destroy diversity in and of itself is not enough to "carry the day", and sustain the Defendants' position. Accordingly, insofar as Arnold Design Group and Carrigan were properly joined in accord with applicable Rhode Island law, the present matter should be remanded to the Washington County Superior Court.

Respectfully submitted,

Lawrence Builders, Inc.,

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: February 1, 2006

**Certification**

I hereby certify that on this 1st day of February, 2006, I served a true and accurate copy of the foregoing upon **Lynne M. Radiches,** Burns & Levinson, LLP, One Citizens Plaza, Suite 1100, Providence, Rhode Island, 02903, via facsimile and via first-~~class~~ mail.