UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LAWRENCE BUILDERS, INC.,
Plaintiff,

v. CA 06-013ML

DR. ANNA KOLODNER, MONTY GOLD,
HERB ARNOLD, MICHAEL ARNOLD d/b/a
H.L. ARNOLD JR. & ASSOCIATES and
CARRIGAN ENGINEERING, INC.,
Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand the above-titled action to Rhode Island Superior Court for Washington County. For the reasons stated below, Plaintiff's Motion is denied.

### I. Background

In July 2004, Plaintiff Lawrence Builders and one of the Defendants, Dr. Anna Kolodner, entered into a contract in which Lawrence Builders agreed to construct a home for Dr. Kolodner in Narragansett, Rhode Island. In due course, the construction project derailed, lawyers were enlisted and negotiations commenced. When negotiations broke down, the race to the courthouses began. Plaintiff filed this action in Rhode Island Superior Court for Washington County sometime before 11:00 am on December 9, 2006, while Dr. Kolodner, as she had forewarned Plaintiff, filed an action in U.S. District Court for the District of Rhode Island around

3:00 pm that same day, related case C.A. No. 05-515ML. The Court finds the facts surrounding these filings for the limited purpose of deciding this Motion. The Court considers the representations made in the parties' papers and the testimony offered at an evidentiary hearing conducted by this Court on February 1, 2006. The Court resolves any factual or legal ambiguities in favor of the Plaintiff. Rodrigues v. Genlyte Thomas Group LLC, 392 F. Supp. 2d 102, 108 (D. Mass. 2005)("In determining whether a joinder is fraudulent, the Court should resolve all factual and legal ambiguities in favor of the plaintiff.").

In November 2005, Mark Russo, attorney for Plaintiff Lawrence Builders, and Lynne Radiches, attorney for Defendant Dr. Kolodner, entered into preliminary negotiations to resolve the dispute over the house construction project. In late November 2005, the two attorneys agreed in a phone conversation to a December 9, 2005 deadline by which Plaintiff would respond to Dr. Kolodner's settlement demand. During this conversation, Mr. Russo and Ms. Radiches discussed the potential jurisdiction for a lawsuit. Ms. Radiches indicated she would file in federal court. In response, Mr. Russo stated, "we don't want to be in Federal Court." (Hr'g Tr. 19:15-16, Feb. 1, 2006.)

On December 8, 2005, Ms. Radiches contacted Mr. Russo by fax and email and indicated that she was instructed by her client to file a complaint in U.S. District Court the following day at 3:00 pm if he did not respond to her client's settlement demand; she attached a draft of the complaint she intended to file to this communication. At approximately 11:00 am the following morning, December 9, 2005, Mr. Russo sent a letter to Ms. Radiches by email indicating he had filed a complaint in Rhode Island Superior Court for Washington County that morning, naming as defendants Dr. Kolodner, her husband, Monty Gold, the architects to the project, Herb Arnold

Case 1:06-cv-00013-ML-DLM Document 8 Filed 02/14/2006 Page 3 of 7

and Michael Arnold d/b/a H.L. Arnold Jr. & Associates ("Arnold"), and the engineers on the project, Carrigan Engineering, Inc. ("Carrigan"). Ms. Radiches filed her complaint on behalf of Dr. Kolodner in U.S. District Court at approximately 3:00 pm the same day, naming Lawrence Builders and its president Steven Lawrence as the defendants.

On or about January 3, 2006, Plaintiff filed a First Amended Complaint in Rhode Island Superior Court, and it is this Complaint the Court considers in deciding the instant dispute. Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001)(holding that for purposes of determining whether complete diversity exists, a court must examine the plaintiff's pleading as of the time of the petition for removal)(citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). On January 13, 2006, Defendants Dr. Kolodner and Mr. Gold filed a Notice of Removal with this Court, alleging fraudulent joinder on the part of Plaintiff.

In its Complaint, Lawrence Builders names as a Defendant Herb Arnold, the architect designated in the July 2004 contract between Dr. Kolodner and Lawrence Builders as the project architect. Mr. Arnold attests in an affidavit that on or about December 9 or December 10, 2005, Mr. Russo phoned him to advise him he had been named a defendant in the present action. (Defs.' Obj'n Ex. 1.) Mr. Arnold further attests in his affidavit that Mr. Russo went on to tell him that the case "may mean nothing" to him and that he was being named "so that the matter could be heard in State Court rather than Federal Court." (Id.) In his testimony at the evidentiary hearing, Mr. Arnold affirmed that Mr. Russo said to him during that phone call, "you have to be named in order to get this taken out of Federal Court and put into state court." (Hr'g Tr. 8:4-6.)

Mr. Russo also testified at the February 1, 2006 hearing. When asked by the Court if he had a clear recollection of his conversation with Mr. Arnold, Mr. Russo conceded that he only

Case 1:06-cv-00013-ML-DLM Document 8 Filed 02/14/2006 Page 4 of 7

had "a general recollection" of what was said. (Hr'g Tr. 27:2-6.) According to Mr. Russo, he told Mr. Arnold that "there were no monetary claims against him," and that "it was the intention of the other side to go to Federal Court, and if that did take place, I did used [sic] the words it would be a circus." (Hr'g Tr. 28:10-17.)

Mr. Russo's account of the conversation with Mr. Arnold asks the Court to imagine he would reassure Mr. Arnold that there were no monetary claims against him and then state that litigating the suit in federal court would be a circus without any intervening explanation or connection from the first idea to the next. Mr. Arnold's testimony that Mr. Russo connected the two thoughts with a statement indicating Mr. Arnold was being joined to avoid federal jurisdiction is more credible, particularly in light of the fact that he stated that he did not understand the legal implications of Mr. Russo's statement. (Hr'g Tr. 8:7-8.)

## II. Discussion

In general, a federal court has diversity jurisdiction only when complete diversity exists between the parties, that is, when no plaintiff is a citizen of the same state as any defendant. Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005); 28 U.S.C. § 1332(a). Here, Plaintiff is a citizen of Rhode Island, Defendants Dr. Kolodner and Mr. Gold are citizens of Massachusetts while Defendants Arnold and Carrigan are citizens of Rhode Island. Inclusion of Arnold and Carrigan as Defendants appears to defeat the complete diversity requirement in this instance.

However, "[a] party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). That is to say, once a court has determined that a party has been fraudulently

joined, it proceeds to analyze jurisdiction without reference to the fraudulently joined party.

While the First Circuit has yet to formulate a test for determining fraudulent joinder, the district courts in this Circuit have adopted a standard reflecting one common approach in other circuits:

> Fraudulent joinder is a judicially-created doctrine which applies to two situations: (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court.

Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 66 (D.R.I. 2002)(citing Tillman v. Cont'l Plaza Hotels & Resorts, No. CIV. A. H-99-3493, 2000 WL 33250072, 1 (S.D. Tex. Aug. 10, 2000)).

While the Gabrielle court explicitly lists "outright fraud" in the pleading as one form of fraudulent joinder, it ultimately asserts that "[t]he linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." Id. at 67. Because fraudulent joinder describes any improper joinder, a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden. Coughlin v. Nationwide Mut. Ins. Co., 776 F. Supp. 626, 628 n.3 (D. Mass. 1991).

Lawrence Builders relies on case law that seems to require a defendant challenging the joinder of a non-diverse defendant to show to a legal certainty not only that the actual facts did not entitle the plaintiff to relief against the non-diverse defendant, but also that the plaintiff should have known those actual facts at the time of filing. In re Maine Asbestos Cases, 44 F. Supp. 2d 368, 372-73 (D. Me. 1999). Plaintiff's reliance notwithstanding, the facts of this particular case do not implicate this standard.

Case 1:06-cv-00013-ML-DLM Document 8 Filed 02/14/2006 Page 6 of 7

Whether or not Plaintiff is actually or potentially entitled to relief against the non-diverse Defendants, he states no cause of action against either Arnold or Carrigan in his Complaint, nor does he request any relief from either of them. Arnold and Carrigan are named only in Count I of the Complaint, which seeks a declaratory judgment the effect of which does not implicate the rights of either Arnold or Carrigan. The sole allegations pertaining to the two non-diverse Defendants are those which describe Dr. Kolodner hiring them to develop architectural and engineering plans for the house. (Compl. ¶¶ 9, 10.) Plaintiff then alleges that Dr. Kolodner entered into the contract "before the design and engineering for the House were completed." (Compl. ¶ 12.) While this allegation may reference Arnold and Carrigan, there is no allegation of wrongdoing on their part nor any allegation that they were responsible for the contract being entered into before the plans were completed. Moreover, in the section detailing the relief sought by Plaintiff under Count I, there is no mention of the two non-diverse Defendants, save perhaps for the request that the Court declare the contract was entered into before the plans were completed. (Compl. ¶ 25a.)

The fact that the two non-diverse Defendants were named pursuant to the Uniform Declaratory Judgments Act, R.I. Gen. Laws § 9-30-1 *et seq.* does not relieve Plaintiff of the obligation to allege sufficient facts supporting the claim that they have a legal interest in the proceeding. Lamb v. Perry, 225 A.2d 521, 523 (R.I. 1967)(holding that to establish jurisdiction in action for declaratory judgment, controversy must be actual and present a case for the consideration of the court wherein plaintiff is asserting some legal or property right adverse to defendant). The utter dearth of factual allegations concerning either Arnold or Carrigan within the four corners of the Complaint belies Lawrence Builders' assertion that it has stated a claim as

regards Arnold and Carrigan. There is no implication of the rights or interests of Arnold or Carrigan in Lawrence Builders' Complaint. Therefore, the joinder of the non-diverse parties does not have a reasonable basis in law or fact.

III. Conclusion

Taking into account all of the Court's factual findings, particularly the testimony given on February 1, 2006, and considering the First Amended Complaint as filed in Rhode Island Superior Court, the Court finds Arnold and Carrigan were fraudulently joined in order to defeat federal jurisdiction. Accordingly, the Court will not consider them in analyzing diversity jurisdiction. Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). There is, therefore, complete diversity between Plaintiff and the remaining Defendants. Consequently, Plaintiff's Motion to Remand is DENIED.

Furthermore, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court orders the dismissal of Arnold and Carrigan as Defendants in this action. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."); Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 934 (5th Cir. 1958)(affirming trial court's *sua sponte* dismissal of defendant found to have been fraudulently joined to defeat federal jurisdiction).

SO ORDERED.

Mary M. Lisi
United States District Judge
February 14, 2006