UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAWRENCE BUILDERS, INC.<br>*Plaintiff*<br>*v.*<br>DR. ANNA KOLODNER and MONTY GOLD<br>*Defendants* | CIVIL ACTION NO.: 06-013/ML |

**MOTION FOR PROTECTIVE ORDER**

Defendants, Anna Kolodner and Monty Gold, by and through their counsel, pursuant to Federal Rule of Civil Procedure 26(c), hereby move this Honorable Court for the entry of a Protective Order with respect to the Notice to Take Deposition served upon Mr. Gold by Plaintiff on March 3, 2006, and the First Amended Notice to Take Deposition served upon Ms. Kolodner by Plaintiff on March 8, 2006. In support hereof, Defendants rely upon the Memorandum of Law filed simultaneously herewith.

Respectfully submitted,
ANNA KOLODNER and
MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Date: March 15, 2006

## GOOD FAITH CERTIFICATION

I hereby certify that I attempted in good faith to confer with Plaintiff's counsel to resolve this dispute without court action.

Lynne M. Radiches

## CERTIFICATION

I hereby certify that on this 15th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook

0099124.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LAWRENCE BUILDERS, INC.<br><br>*Plaintiff*<br><br>*v.*<br><br>DR. ANNA KOLODNER and MONTY GOLD<br><br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 06-013/ML |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

Lawrence Builders, Inc. ("Lawrence Builders") insists on deposing Anna Kolodner ("Ms. Kolodner") and Monty Gold ("Mr. Gold") on March 17, 2006 and March 20, 2006, respectively, despite the fact that a motion to dismiss has been filed in this case.

Lawrence Builders and Steve T. Lawrence ("Mr. Lawrence") have only just filed answers, counterclaims, and a third-party complaint in a companion case, responses to which are due March 23, 2006. Lawrence Builders and Mr. Lawrence have also simultaneously hurled a number of motions and objections at Ms. Kolodner in the companion case, responses to which are also due on or about the dates of the scheduled depositions.

Ms. Kolodner and Mr. Gold seek the protection of this Court from being forced to endure the annoyance, burden and expense of appearing for depositions at this time in a case which has only been in this Court for roughly 8 weeks, and where a decision on their motion to dismiss is imminent.

**BACKGROUND**

On December 9, 2005, Ms. Kolodner, a Massachusetts resident, filed an action against Lawrence Builders and Mr. Lawrence in Federal Court (Kolodner v. Lawrence Builders, Inc., et al., C.A. No. 05-515/ML – the "05 Case"). The subject of the 05 Case is a contract (the "Contract") between Ms. Kolodner and Lawrence Builders, whereby Lawrence Builders agreed to construct a residence for Ms. Kolodner in Narragansett, Rhode Island (the "Project"). Ms. Kolodner has alleged Breach of Contract, Negligence, and Misrepresentation, all arising from consistently shoddy work containing numerous errors and omissions, which ultimately forced Ms. Kolodner to hire others to correct and complete the construction of the Project.

With full knowledge that Ms. Kolodner would be filing in Federal Court on December 9, 2005, Lawrence Builders initiated an action involving identical issues of law and fact against Ms. Kolodner in Washington County Superior Court (the "State Court action") on the same day, but only after fraudulently joining two Rhode Island defendants who were not parties to the Contract and from whom no relief was sought (collectively, "the architect and the engineer"), in an effort to defeat diversity jurisdiction. Lawrence Builders also sued Ms. Kolodner's husband, Massachusetts resident Monty Gold ("Mr. Gold"), who is not a party to the Contract.

On January 13, 2006, Ms. Kolodner and Mr. Gold removed the State Court action to Federal Court (Lawrence Builders, Inc., v. Dr. Anna Kolodner, et als., C.A. No. 06-013/ML – the "06 Case" or the "instant action"). Lawrence Builders filed a motion to remand which, following an evidentiary hearing, was denied.[1] Now there are two cases involving common parties and identical issues of law and fact in Federal Court – the 05 Case and the 06 Case.

On February 24, 2006, Ms. Kolodner and Mr. Gold filed a motion to dismiss the instant action, citing, *inter alia*, that the dismissal of a second Federal Court action based on identical

[1] The Court ordered the dismissal of the architect and the engineer as Defendants at that time.

issues of law and fact to the case which was brought to Federal Court by Ms. Kolodner first makes complete economic sense, and is in the best interest of all involved. The motion to dismiss is presently pending.

On March 3, 2006, the 05 Case was answered by Lawrence Builders and Mr. Lawrence, at which time a Counterclaim and a Third-Party Complaint were filed by Lawrence Builders which mirror in substance the First Amended Complaint in the instant action.[2] Responses to these pleadings are due on or before March 23, 2006.

On March 3, 2006, Lawrence Builders also noticed the depositions of Anna Kolodner and Monty Gold in the 06 Case, for March 15, 2006 and March 20, 2006, respectively. On March 7, 2006, counsel for Ms. Kolodner and Mr. Gold sent a letter to counsel for Lawrence Builders, explaining that, where a motion to dismiss is pending, it makes no sense to take depositions at this time. (See Exhibit 1). Counsel for Ms. Kolodner and Mr. Gold also used that opportunity to continue to push for the resolution of both cases. (See Exhibit 1).

On March 8, 2006, counsel for Lawrence Builders responded to the letter from Ms. Kolodner and Mr. Gold's counsel, attempting to advance the depositions in the 06 Case pursuant to a Pretrial Order issued in the 05 Case, and threatening Ms. Kolodner and Mr. Gold if they failed to appear. (See Exhibit 2).

In addition to filing the responsive pleadings in the 05 Case and deposition notices in the 06 Case on March 3, 2006, Lawrence Builders and Mr. Lawrence also filed a motion to consolidate the 05 and 06 Cases. Ms. Kolodner filed a timely objection on March 13, 2006.

On March 9, 2006, Lawrence Builders and Mr. Lawrence also filed a motion for reconsideration of this Court's denial of their earlier motion to stay the 05 Case. Ms. Kolodner's objection is due on or before March 20, 2006.

---

[2] Mr. Lawrence also filed a Counterclaim.

Lawrence Builders seeks to take the depositions of Anna Kolodner and Monty Gold in the 06 Case on March 17, 2006 [3] and March 20, 2006, respectively (pending motion to dismiss notwithstanding), while Ms. Kolodner and Mr. Gold are otherwise engaged in responding to pleadings and other motions filed by Lawrence Builders and Mr. Lawrence in the 05 Case.

Ms. Kolodner and Mr. Gold are not opposed to presenting themselves for deposition at the proper time. They perceive the timing and persistence on the part of Lawrence Builders regarding their depositions however, as a transparent attempt to further annoy, embarrass, and oppress them – and to subject them to undue burden and expense.

**ARGUMENT**

**I. The Depositions Of Anna Kolodner And Monty Gold Should Be Postponed Until After Disposition Of Their Pending Motion To Dismiss.**

"Rule 26(c) generously permits 'for good cause shown' the making of 'any order which justice requires' to protect against annoyance, embarrassment or undue burden occasioned by discovery." Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). "The district court has 'broad discretion' to decide 'when a protective order is appropriate and what degree of protection is required'…". Id. (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984).

It is within the sound discretion of the court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions. Coastal States Gas Corp. v. Dep't. of Energy et al., 84 F.R.D. 278, 282 (D.Del. 1979) (this procedure is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources"). In deciding whether to stay or prevent discovery, a

---

[3] The proposed date of Ms. Kolodner's deposition was unilaterally changed by opposing counsel from March 15, 2006, in an apparent effort to accommodate a scheduling conflict mentioned by Ms. Kolodner's counsel in her letter of March 7, 2006.

court must balance "the harm produced by a delay in discovery against the possibility that a [dispositive motion] will be granted and entirely eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (a "court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); citing Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).

Therefore, "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims advanced in a complaint is pending." Chavous v. District of Columbia Financial Responsibility and Management Assistant Authority, 201 F.R.D. 1, *2 (D.D.C. May 21, 2001); (citing Anderson v. United States Attorneys Office, No. 91-2262, 1992 WL 159186, *1 (D.D.C. June 19, 1992); see also Sprague v. Brook, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (courts have the discretion to stay discovery when dispositive motions are pending); Hachette Distrib., Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (same).

Resolution of the pending motion to dismiss in Defendants' favor would obviate the need for discovery in this case. Taking the depositions of Ms. Kolodner and Mr. Gold now, when the disposition of the motion to dismiss this action is imminent, is therefore premature, unnecessary, and wasteful.

In the event Defendants' motion to dismiss this case is denied, there will be plenty of time to schedule and proceed with the depositions of Ms. Kolodner and Mr. Gold, and with no harm or prejudice to Lawrence Builders. Should Lawrence Builders survive the motion to dismiss this case, there does exist the possibility that this case will be stayed pending resolution of the 05 Case. See *Plaintiff's Objection to Motion to Consolidate* with accompanying

*Memorandum of Law*, Kolodner v. Lawrence Builders, et al., C.A. No. 05-515/ML. For each of these reasons, this is simply not the time for discovery to commence in the this case.

If Ms. Kolodner and Mr. Gold are forced to spend the time, effort, and money to present themselves for deposition on March 17, 2006 and March 20, 2006 [4] respectively, and this case is then dismissed shortly thereafter, not only will it have been a colossal waste of time, energy, and money, but Lawrence Builders could then have another go at Ms. Kolodner and Mr. Gold in the 05 Case at a later date.

Justice requires that the depositions of Anna Kolodner and Monty Gold be postponed until after disposition of their pending motion to dismiss, so as to protect Ms. Kolodner and Mr. Gold from the undue burden and expense of being deposed in a case which might well be dismissed or stayed in deference to the 05 Case.

## II. Noticing The Depositions Of Ms. Kolodner And Mr. Gold To Coincide With The Filing Of Multiple Pleadings And Motions In The 05 Case Constitutes Harassment.

While the motion to dismiss the instant action is pending, Answers, Counterclaims, and a Third-Party Complaint were recently filed by Mr. Lawrence and Lawrence Builders in the 05 Case. Responses to those pleadings are due on or before March 23, 2006.

Mr. Lawrence and Lawrence Builders have also filed a motion to consolidate the 05 and 06 Cases. Ms. Kolodner filed a timely objection on March 13, 2006.

Lest any opportunity to file a motion pass them by, Mr. Lawrence and Lawrence Builders also filed a motion for reconsideration of this Court's denial of their earlier motion to stay the 05 Case. Ms. Kolodner's objection is due on or before March 20, 2006.

Lawrence Builders has decided that the depositions of Ms. Kolodner and Mr. Gold in this case (pending motion to dismiss notwithstanding) must take place on March 17, 2006 and March

[4] Mr. Gold has a medical appointment with a specialist in Boston on March 20, 2006, which was scheduled in advance of his having received notice of his deposition for that day.

20, 2006, respectively. See Exhibit B, p. 2 *("We look forward to seeing you and your clients on March 17th and March 20th, respectively. Should they choose not to appear for deposition, we caution you that they do so at their own peril.")*

Responsive pleadings are due from both Ms. Kolodner and Mr. Gold in the 05 Case on or before March 23, 2006; the Objection to Mr. Lawrence and Lawrence Builder's motion for reconsideration is due on or before March 20, 2006. It bears repeating that a motion to dismiss is pending in this case. The timing of the subject notices of deposition was designed to annoy, embarrass, and oppress Ms. Kolodner and Mr. Gold, and to place upon them additional undue burden and expense.

There is no need for depositions in this case to go forward on March 17, 2006 and March 20, 2006, or at all, prior to disposition of the pending motion to dismiss - especially in light of the fact that said depositions were scheduled to coincide with the dates responses to pleadings and motions are due in the 05 Case. The taking of depositions in this case prior to this Court's decision on the pending dispositive motion (which may moot the need for discovery) needlessly increases the costs of this litigation.

**CONCLUSION**

For the foregoing reasons, this Court should issue a Protective Order that discovery, by deposition or otherwise, shall not be propounded by either side in this case until resolution of the pending motion to dismiss, and until responsive pleadings have been filed as necessary.

Respectfully submitted,

ANNA KOLODNER and
MONTY GOLD
By their Attorneys,

Lynne M. Radiches

Lynne M. Radiches (#5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8336 Telephone
(401) 831-8359 Facsimile

Date: March 15, 2006

**CERTIFICATION**

I hereby certify that on this 15th day of March, 2006, I caused a true copy of the within to be sent by regular mail, postage pre-paid, to:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
FERRUCCI RUSSO, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Susan M. Cook

Susan M. Cook

00999141.DOC