# FERRUCCI RUSSO P.C.

*COUNSELLORS AT LAW*

Christopher M. Mulhearn
cmulhearn@frlawri.com

March 8, 2006

*Via facsimile*

Lynne M. Radiches, Esq.
Burns & Levinson, LLP
One Citizens Plaza - Suite 1100
Providence, RI 02903

***RE:*** ***Anna Kolodner v. Lawrence Builders, Inc., et al.***
C.A. No.: 05-515/ML

***Lawrence Builders, Inc. v. Dr. Anna Kolodner, et al.***
C.A. No.: 06-013/ML

Dear Lynne:

We are in receipt of yours of March 7th in connection with the above-identified matters.

Given your unavailability on March 15th, we will gladly re-notice Ms. Kolodner's for Friday, March 17th. We enclose a first amended notice of deposition directed to Ms. Kolodner for that date.

Notwithstanding your clients' motion to dismiss, the same has yet to be noticed for hearing and/or determined by the court. As such, the 06-013/ML action is still viable and active. Thus, discovery is both warranted and appropriate until such time as the same is adjudicated on the merits. Your clients chose to remove this matter to the federal court. Accordingly, we must diligently advance the matter in light of the court's previously issued pre-trial/scheduling order.

As for your concerns that any depositions in these matters are "premature" insofar as your clients have yet to file their responses to Lawrence Builders, Inc. and Steven T. Lawrence's respective counterclaims and third-party complaint in the 05-515/ML action, we are not aware of any provision in the applicable Federal Rules of Civil Procedure that support any such position. Again, your clients chose the venue. Judge Lisi has issued a pre-trial/scheduling order prescribing a tight time frame to conduct, and complete, discovery. Thus, this matter must move forward now.

Lynne M. Radiches, Esq.
March 8, 2006
Page Two

Your clients fail to recognize that, in large part, this discovery is necessary insofar as they have named Mr. Lawrence, in his individual capacity, as a party defendant. Even more, notwithstanding what appears to be a dearth of evidence to support your clients claims against Mr. Lawrence, they refuse to voluntarily dismiss Mr. Lawrence from the case. Therefore, we must continue down the path your clients have set in motion.

We look forward to seeing you and your clients on March 17th and March 20th, respectively. Should they choose not to appear for deposition, we caution you that they do so at their own peril.

Sincerely,

Christopher M. Mulhearn

CMM/dmm
Enclosure
cc: W. Mark Russo, Esq. (w/out encl.) (*via hand delivery*)